**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-1925

_____

JASON CAMPBELL,

Appellant

v.

COUNTY OF MORRIS; COUNTY OF MORRIS SHERIFF'S OFFICE;
JOHN DEMPSEY; FREDERIC M. KNAPP; JOHN DOE 1-10, a fictitious name

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:19-cv-16273)
District Judge: Honorable Esther Salas

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 11, 2021

Before: SMITH, <u>Chief Judge</u>, MCKEE, and AMBRO, <u>Circuit Judges</u>

OPINION[*]

AMBRO, <u>Circuit Judge</u>

Jason Campbell, a former employee of the Sheriff's Office in Morris County, New Jersey, sued the County, the Sheriff's Office, and individuals affiliated with the County (collectively, the "Defendants"), alleging that they violated his constitutional rights by suspending him without pay. Because the District Court properly concluded that Campbell's suit is barred by the statute of limitations, we affirm its dismissal of Campbell's complaint with prejudice.

I.

We describe the facts as alleged by Campbell in his complaint. Following ten years of employment with the Sheriff's Office, he was placed on temporary disability leave in 2010 and later applied for disability retirement. Although the Sheriff's Office initially had no objection to Campbell's application, it changed its mind after Campbell was charged with various criminal offenses, including arson, burglary, and official misconduct, in February 2011. Later that month, the Sheriff's Office suspended Campbell without pay. Then, in December 2012, Campbell was arrested and charged with child neglect. In April 2016, he pled guilty to the child neglect offense and the prosecutor agreed to dismiss the other charges.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Based on the child neglect conviction, the Sheriff's Office formally removed Campbell effective March 21, 2017. The Pension Board then reopened its consideration of Campbell's application for disability retirement. In May 2018, it approved Campbell's application, awarding benefits retroactive to April 2017, the first month following his removal. Unsatisfied with this result, Campbell filed an administrative appeal seeking benefits back to February 2011. The appeal was unsuccessful, and the Board made its decision final in April 2019.

Campbell then filed this lawsuit in August 2019 before the District Court. In support of his claim for damages under 42 U.S.C. § 1983, he alleges that the Defendants' actions violated his due process and equal protection rights, depriving him of hundreds of thousands of dollars in back pay between 2011 and 2017. The Defendants moved to dismiss under Fed. R. Civ. P. 12(b)(6). The Court concluded that Campbell's claims were barred by the statute of limitations and dismissed his complaint with prejudice. Campbell timely appealed.

## II.

We exercise plenary review of the District Court's dismissal of a complaint under Fed. R. Civ. P. 12(b)(6).[1] *Newark Cab Ass'n v. City of Newark*, 901 F.3d 146, 151 (3d Cir. 2018). "To survive a motion to dismiss, a complaint must contain sufficient factual allegations, taken as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks and citation omitted). While a statute-of-limitations defense

---

[1] The District Court had federal question jurisdiction under 28 U.S.C. § 1331. 28 U.S.C. § 1291 gives us jurisdiction over the appeal.

must typically be raised in the answer, our Circuit allows a Rule 12(b)(6) dismissal if it is apparent from the face of the complaint that "the cause of action has not been brought within the statute of limitations." *Fried v. JPMorgan Chase & Co.*, 850 F.3d 590, 604 (3d Cir. 2017).

"[A] § 1983 claim is governed by the statute of limitations that applies to personal injury tort claims in the state in which such a claim arises." *See Kach v. Hose*, 589 F.3d 626, 639 (3d Cir. 2009) (citation omitted). Here the claims are based on conduct in New Jersey, where the statute of limitations for a personal injury claim is two years. *See* N.J. Stat. Ann. § 2A:14-2. The clock begins when a claim accrues—that is "when the plaintiff knew or should have known of the injury upon which its action is based." *Kach*, 589 F.3d at 634 (quoting *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998)).

We agree with the District Court's well reasoned opinion that the injury Campbell alleges occurred in 2011. Dist. Ct. Op. 4–7. Thus the two-year statute of limitations period expired, and Campbell's claims became time-barred, well before he filed his complaint with the District Court in 2019. Campbell rejoins that his claims were timely under the discovery rule, which tolls the statute of limitations "when the injury or its cause is not immediately evident to the victim." *See Deleski v. Raymark Indus., Inc.*, 819 F.2d 377, 379 (3d Cir. 1987). Specifically, Campbell argues he did not become aware of his injuries until he received the final determination of the Pension Board in May 2018.

We disagree. Defendants' alleged wrongful decision to suspend Campbell in February 2011 was a discrete act that made clear their position as to Campbell's

4

employment, and, therefore, "any constitutional violations occasioned by Plaintiff's denial of back pay occurred in early 2011." App. 13, Dist. Ct. Op 7; *see also O'Connor v. City of Newark*, 440 F.3d 125, 127–28 (3d Cir. 2006) (stating that wrongful suspension is a discrete act which begins the filing clock for a § 1983 claim); *Colgan v. Fisher Scientific Co.*, 935 F.2d 1407, 1416 (3d Cir. 1991) (explaining the statute of limitations period started when the employer made "its official position" apparent to the employee). Indeed, Campbell essentially conceded this point in his complaint, where he asserts the February 2011 suspension was "a blatant attempt to circumvent the pension application process and to forever bar [him] from receiving back pay by unilaterally and arbitrarily switching his separation/retirement status to 'suspended without pay.'" App. 17. Even if Campbell did not discover the full extent of his damages until 2018, he was no doubt aware of the alleged constitutional due process and equal protection injuries once the Sheriff's Office changed his employment status.

Campbell insists that the Pension Board's May 2018 decision and the following administrative process retriggered the statute of limitations period. But the Pension Board is not a defendant in this case, so the timing of its decision is irrelevant. What matters is that the alleged misconduct by the Defendants occurred only in 2011. Moreover, exhaustion of state administrative remedies was not required for Campbell to bring his claims in federal court. *See O'Neill v. City of Philadelphia*, 32 F.3d 785, 791 n.13 (3d Cir. 1994).

We also reject Campbell's argument that he should be given the opportunity to amend his complaint. As we are satisfied he discovered his constitutional injuries in

5

2011, he "cannot make any amendment that would save [his] § 1983 claim, so granting leave to amend would be futile." *See Haberle v. Troxell*, 885 F.3d 170, 182 n.12 (3d Cir. 2018).

\* \* \* \* \*

For the reasons explained above, we affirm the District Court's dismissal of Campbell's complaint with prejudice.